UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------X
ANTHONY H. REEVES,

                Plaintiff,

          -against-

RAUF AKINWUNMI,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

07-CV-4964 (RJD)

DEARIE, Chief Judge.

On November 26, 2007, plaintiff Anthony H. Reeves filed a *pro se* complaint against the Atlantic Shelter. By Order dated December 14, 2007, the Court granted plaintiff's request to proceed *in forma pauperis*, dismissed the Atlantic Shelter as a defendant, and directed him to submit an amended complaint in order to proceed with this action. Plaintiff submitted the Amended Complaint on February 7, 2008.[1] Should he choose to proceed with this lawsuit, plaintiff is directed to submit a second amended complaint within 30 days of the date of this Order

## BACKGROUND

In his initial Complaint, plaintiff alleged that, on June 18, 2006, he was beaten and ejected from the Atlantic Men's Shelter by unidentified police officers working at the shelter. (Complaint at 3). He further alleged that a supervisor named "Ralph" and an unnamed psychiatric doctor at the facility refused to perform the evaluations that would have allowed him

---

[1] The Court's December 14, 2007 Order was mistakenly sent to an incorrect address. When plaintiff did not respond within the initial 30 days allowed, the Court discovered the error, resent the Order to plaintiff, and gave him until March 3, 2008 to file an amended complaint. Accordingly, plaintiff's Amended Complaint was timely filed.

to seek housing through the New York City Department of Homeless Services ("DHS"). In its December 14, 2007 Order, the Court dismissed the only defendant named in the original Complaint because the Atlantic Shelter is not a suable entity under 42 U.S.C. § 1983. The Court directed plaintiff to submit an amended complaint in order to name the individuals who were involved in the June 18, 2006 incident. Plaintiff has sought to comply with the Order. Plaintiff asserts that on February 4, 2008, he went to the DHS offices at 33 Beaver Street. (Amended Complaint at 4.) He states that he was able to meet with defendant Rauf Akinwunmi, the former supervisor of the Atlantic Shelter who now works at the DHS offices, and learned his full name. Plaintiff alleges that he questioned Akinwunmi about the incident, and that Akinwunmi indicated that he remembered plaintiff, but that he did not recall the incident on June 18, 2006 nor the names of the officers or the psychiatric doctor involved. (Id.) Plaintiff filed the Amended Complaint on February 7, 2007.

The Amended Complaint alleges that on June 18, 2006, plaintiff went to the Atlantic Avenue Men's Shelter for a scheduled psychiatric examination. (Amended Complaint at 2.) Some time between 4:30 and 6 p.m., according to plaintiff, the supervisor of the shelter, defendant Rauf Akinwunmi, prevented him from keeping the appointment with the psychiatric doctor and instead ordered police officers from the shelter to physically remove him. (Amended Complaint at 2, 4.) Plaintiff alleges that "I was grabbed pushed and taken involuntary [*sic*] by police from the shelter [by] two women officers and two men officers." (Amended Complaint at 2.) He further alleges that defendant Akinwunmi laughed at his predicament, told him that "he did not like me," and threatened to give him a bad psychiatric evaluation that would "follow me for the rest of my life." (Amended Complaint at 2-3.) Plaintiff states that he has made many

attempts to seek shelter since that incident, but that all of the individuals to whom he explained his story told him that they could not help him. (Amended Complaint at 3-4.)

The Amended Complaint does not repeat the allegation in the initial Complaint that plaintiff was "beaten" by the officers when he was ejected on June 18, 2006. However, it does allege that "Mr. Rauf Akinwunmi was ruthless and malicious as he laughed as officers used a show of force on me for no good reason on the day of 6/18/06." (Amended Complaint at 4.) Plaintiff asserts that "being grabbed and ejected from shelter is unconstitutional," and he links this claim to his allegation that defendants "deprived me help in getting an apartment and privileges to get my life on track and move on." (Id.) He cites a number of cases, but none of them are relevant to plaintiff's claims.[2] Whereas the original Complaint sought $10,000 in damages and help with securing permanent housing, the Amended Complaint only asks the courts to investigate this matter and does not seek any other relief.

## DISCUSSION

**I. Standard of Review**

---

[2] Two of these cases discuss the "deliberate indifference" test for claims by prisoners and pre-trial detainees. Green v. Mazzuca, 485 F. Supp. 2d 447 (S.D.N.Y. 2007)(discussing prisoner's claim that harassment could violate the Eighth Amendment prohibition against cruel and unusual punishment); Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000)(finding that pre-trial detainee's claim of deliberate indifference must be brought under the Fifth Amendment right to due process, because the Eighth Amendment's proscription against cruel and unusual punishment does not apply to pre-trial detainees, who are not "being punished"). Neither situation is analogous to plaintiff's circumstances. The other cases have no conceivable application to plaintiff's concerns. See McLamb v. People, Docket No. 07-CV-492 (JS), 2007 WL 1133342 (E.D.N.Y. April 16, 2007)(dismissing a prisoner's demand for a declaratory judgment); Blake v. Fiit Intern, Inc., Docket No. 05 Civ. 6150 (HBP), 2007 WL 980362 (S.D.N.Y. March 30, 2007)(concerning an alleged contract dispute); Wells-Williams v. Kingsboro Psychiatric Ctr., Docket No. 03-CV-0134 (CBA), 2007 WL 1011545 (E.D.N.Y. Mar. 30, 2007)(concerning an alleged employment discrimination).

3

In its December 14, 2007 Order, the Court previously explained the standard of review under 28 U.S.C. § 1915(e)(2)(B), the less stringent standards for submissions by *pro se* plaintiffs, and the requirement to liberally grant leave to amend, if a liberal reading of the complaint "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Court also described the requirements for bringing constitutional claims pursuant to 42 U.S.C. § 1983 ("§ 1983"). First, "the conduct complained of must have been committed by a *person* acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Since the Atlantic Shelter is not a *person*, that defendant was dismissed.

## II. Insufficient Allegations in the Amended Complaint

Plaintiff has now named Rauf Akinwunmi as a defendant and mentions four unidentified officers. However, plaintiff has not identified acts by defendant Akinwunmi that would constitute a deprivation of plaintiff's constitutional rights. Plaintiff's primary concern, his homelessness, is not a circumstance that this Court has the ability to remedy, as there is no constitutionally protected right to shelter. None of the specific acts plaintiff ascribes to Akinwunmi – laughing at him, telling the psychiatric doctor not to see him, ordering him from the shelter, threatening to give a bad psychiatric report, saying he didn't like him – rise to the level of a constitutional violation.

Nor does plaintiff clearly state a claim for excessive use of force under either the Fourth or Fourteenth Amendments. In order to state a claim for excessive force under the Fourth Amendment, a plaintiff must show that he was subject to a search or seizure and that the

4

officials' actions were objectively unreasonable. See Graham v. Connor, 490 U.S. 386, 395 (1989)("[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."). If the alleged action occurred outside of the context of a search or seizure, the excessive force claim arises under the Fourteenth Amendment, and the relevant inquiry is whether the alleged action "shocks the conscience."[3] Rochin v. California, 342 U.S. 165, 175 (1952); see Tierney v. Davidson, 133 F.3d 189, 199 (2d Cir. 1998) ("Plaintiffs do not assert that they were arrested or seized, and therefore these [excessive force] claims fall outside the Fourth Amendment protections applied in Graham v. Connor . . . , and are governed instead by the Due Process Clause of the Fourteenth Amendment."). Here, the allegation in the Amended Complaint that the officers "grabbed and ejected [plaintiff] from [the] shelter" does not assert facts sufficient to meet either standard.

In order to bring a claim pursuant to § 1983, plaintiff must also identify the individuals who caused the constitutional deprivation and show that each of the named individuals is personally liable for the alleged harm. The caption of the Amended Complaint does not include the four police officers, and the only named defendant, Rauf Akinwumni, is not alleged to have used excessive force. A supervisory official is deemed to have been personally involved in a constitutional violation if that official directly participated in the infraction; if, after learning of a violation, he failed to remedy the wrong; if he created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he was

---

[3] An excessive force claim arising in the context of a post-conviction incarceration would be cognizable under the Eighth Amendment's prohibition against cruel and unusual punishment. This standard is clearly irrelevant to plaintiff's claims.

5

grossly negligent in managing subordinates who caused the unlawful condition or event. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). In order to hold defendant Akinwunmi liable for the alleged excessive use of force, plaintiff must allege some direct involvement in the prohibited activity.

### III. Leave to Amend

The Court grants plaintiff leave to file another amended complaint. The submission must be captioned, "Second Amended Complaint," and shall bear the same docket number as this Order. The caption of the second amended complaint should identify the four officers involved in the June 18, 2006 incident. As plaintiff does not know their names, he may identify them as Officer Jane Doe #1, Officer Jane Doe #2, Officer John Doe #1, and Officer John Doe #2; identify the agency with which they are employed; and to the extent he is able, describe each individual and the role he or she played in this incident. He should describe the incident in as much detail as possible and specify the details of any supporting facts that would indicate the denial of his constitutional rights. Plaintiff must also specify the role of defendant Akinwunmi in the alleged use of excessive force or otherwise show that this defendant directly violated his constitutional rights.

## CONCLUSION

The Court grants plaintiff leave to file a second amended complaint within 30 days of this Order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/RJD

_____
RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
       February 27, 2008