UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                NOT FOR PUBLICATION
------------------------------------------------------------x
ANTHONY H. REEVES,

           Plaintiff,

                              **MEMORANDUM AND ORDER**

-against-

                              07-CV-4964 (RJD)

RAUF AKINWUNMI,

           Defendant.
------------------------------------------------------------x
DEARIE, Chief Judge.

       On November 26, 2007, plaintiff Anthony H. Reeves filed a *pro se* complaint against the Atlantic Shelter. This Court has given him two opportunities to amend the complaint in order to state a claim on which relief may be granted. Plaintiff filed his Second Amended Complaint on March 10, 2008. The Second Amended Complaint fails to cure the deficiencies in the two prior complaints and is hereby dismissed.

       Plaintiffs complaints alleged that he was beaten and ejected from the Atlantic Men's Shelter on June 18, 2006, by unidentified officers working at the shelter. Plaintiff further alleged that the shelter supervisor, Rauf Akinwunmi, and an unnamed psychiatric doctor at the facility refused to perform the evaluations that would have allowed him to seek housing through the New York City Department of Homeless Services ("DHS"). The original defendant, the Atlantic Shelter, was dismissed by this Court's December 14, 2007, Order.

       Plaintiff's Second Amended Complaint fails to conform with the February 29, 2008, Order of this Court in that it fails to name as defendants the police officers who were involved in the June 18, 2006, incident; it fails to assert facts that would state a claim for excessive force under either the Fourth or Fourteenth Amendments; and it fails to specify how defendant Akinwumni personally violated his constitutional rights. The Second Amended Complaint

alleges personal involvement by defendant Akinwunmi, in that it claims that this defendant "told the four DHS officer[s] to use excessive force on me when I have not done anything wrong." However, plaintiff does not allege that he was subject to a Fourth Amendment "seizure" that would give rise to a reasonableness inquiry, see Graham v. Connor, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."), nor that he was subject to action that "shocks the conscience" sufficient to allege a violation of his Fourteenth Amendment rights, see Tierney v. Davidson, 133 F.3d 189, 199 (2d Cir. 1998) ("Plaintiffs do not assert that they were arrested or seized, and therefore these [excessive force] claims fall outside the Fourth Amendment protections applied in Graham v. Connor . . . , and are governed instead by the Due Process Clause of the Fourteenth Amendment.").

The Second Amended Complaint renews plaintiff's demand for damages and help with securing permanent housing, but fails to state a claim for relief. As there are no grounds on which relief may be granted, the Second Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ RJD
RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
May 16, 2008